**CHARLES STEWART MOTT FOUNDA-TION, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–2132.

United States Court of Appeals, Sixth Circuit.

Argued May 20, 1991.

Decided July 8, 1991.

Randolph S. Perry, Bodman, Longley & Dahling, Ann Arbor, Mich.; and M. Kathleen O'Callaghan Hickey (argued), and Barnett Jay Colvin, Bodman, Long & Dahling, Detroit, Mich., for plaintiff-appellant.

Marlene Dayne, Asst. U.S. Atty., Office of the U.S. Atty., Flint, Mich.; Gary R. Allen, Acting Chief, Richard Farber, Mary F. Clark (argued), Janet K. Jones, U.S. Dept. of Justice, Appellate Section Tax Div.; and Stephen T. Lyons, Trial Atty., Tax Div., U.S. Department of Justice, Washington, D.C., for defendant-appellee.

Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Plaintiff appeals from the District Court's judgment dismissing its complaint seeking a tax refund. Plaintiff raises two issues. First, whether the District Court erred in determining that I.R.C. § 4945 requires a private foundation to report to the Internal Revenue Service ("IRS") the progress of a program-related investment ("PRI") for the life of such PRI. Second, whether the District Court erred in imposing an excise tax on plaintiff pursuant to I.R.C. § 4945 for the years of 1981 and 1982. For the following reasons, we AFFIRM.

I.

A.

The Charles Stewart Mott Foundation ("plaintiff" or "Foundation") brought this suit for refund of $66,618 paid in excise taxes for the years of 1981 and 1982. The United States filed a motion for partial summary judgment as to Count I of the complaint, and a magistrate issued a report recommending that the motion be granted. Adopting the magistrate's report, the District Court granted the United States' motion and dismissed Count I of plaintiff's complaint. The remaining count was settled by the parties. This appeal ensued.

### B.

Plaintiff, a private foundation, made a grant to the Illinois Neighborhood Development Corporation ("INDC"), an entity which is not a private foundation, in the amount of $320,000. The grant sought to assist INDC in the development and rehabilitation of the South Shore Community in Chicago. Plaintiff purchased from INDC a 12-year interest-free convertible debenture in the amount of $320,000. This grant constituted a PRI for federal tax purposes.

Pursuant to section 4945, plaintiff submitted reports to the Secretary for five years from 1976 to 1980. Plaintiff did not submit reports for years 1981 and 1982. The IRS determined that the failure to submit the reports for these years resulted in a violation of section 4945's reporting requirements. The grant was treated as a taxable expenditure and a ten-percent excise tax was imposed pursuant to section 4945(a)(1). This tax amounted to approximately $32,000 for each year. The Foundation paid the tax, and after failing to obtain relief at the administrative level, filed this suit for refund in district court.

### II.

### A.

■ Plaintiff raises two issues. First, whether the District Court erred in determining that plaintiff was required to file annual reports to the IRS for the life of the PRI. Second, whether *Commissioner v. Acker*, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959), precludes imposition of section 4945's excise tax.

Plaintiff first argues that the applicable regulations do not require it to report the grant to INDC after 1978. Plaintiff maintains that the regulations only require reports for the year in which the grant was made and the two succeeding years. Thus, the failure to submit reports in years 1981 and 1982, five years after creation of the grant, does not result in the grant becoming a taxable expenditure subject to the ten-percent excise tax. The government counters and the District Court concluded that the applicable statute and regulations require plaintiff to file an annual report regarding the INDC grant as long as the grant remains in existence.

Section 4945(a) imposes a ten-percent excise tax on each taxable expenditure made by a private foundation. Section 4945(d)(4)(B), however, exempts a taxable expenditure from the otherwise applicable excise tax so long as the private foundation exercises "expenditure responsibility" with respect to such expenditure. Section 4945(h)(3) defines "expenditure responsibility" to include, *inter alia*, the submission of "full and detailed reports with respect to such expenditures to the Secretary." Of course, the issue in this case is not whether such reporting is required, but for how long. Treasury Reg. § 53.4945–5 (the "Regulation") addresses and is determinative of this issue.

The Regulation establishes detailed reporting requirements for both the grantor and grantee. The statute establishes two reporting requirements: reports from the grantee to the grantor, and reports from the grantor to the IRS. Resolution of the instant issue requires examination of both reporting requirements.

We first examine the reports required of the grantee to the grantor-private foundation. In order to meet section 4945(h)'s expenditure responsibility requirements for a PRI, a grantor-private foundation must obtain a written commitment from the grantee that it will "[a]t least once a year *during the existence of the [PRI]* ... submit full and complete financial reports ... and a statement that it has complied with the terms of the investment" to the grantor. Treas.Reg. § 53.4945–5(b)(4)(ii) (emphasis added). Subparagraph (c)(2) provides one exception to this general requirement of annual reporting by the grantee for the life of the PRI.

The exception in subparagraph (c)(2) provides for a more limited reporting period under certain circumstances:

> (2) *Capital endowment grants to exempt private foundations.* If a private foundation makes a grant described in section 4954(d)(4) to a private foundation which is exempt from taxation under sec-

tion 501(a) for endowment, for the purchase of capital equipment, or for other capital purposes, the grantor foundation shall require reports from the grantee on the use of the principal and the income (if any) from the grant funds. The grantee shall make such reports annually for its taxable year in which the grant was made and the immediately succeeding 2 taxable years....

Treas.Reg. § 53–4945–5(c)(2). The plain language of subparagraph (2) limits its applicability to situations in which both the grantor and grantee are private foundations. In such situations, the grantee-private foundation need only submit reports to the grantor-private foundation for the year in which the grant is made and the succeeding two years. Thus, with one exception, the Regulation requires the grantee to submit reports to the grantor-private foundation for the life of the PRI. If the grant falls within subparagraph (c)(2), then reports to the grantor are only required for the year in which the grant initially is made and the succeeding two years.

Subparagraph (d) of the Regulation addresses the private foundation's obligation to submit reports to the IRS:

(d) *Reporting to Internal Revenue Service by grantor*—(1) *In general.* To satisfy the reportmaking requirements of section 4945(h)(3), a granting foundation must provide the required information on its annual information return, required to be filed by section 6033, for each taxable year with respect to each grant made during the taxable year which is subject to the expenditure responsibility requirements of section 4945(h). Such information must also be provided on such return with respect to each grant subject to such requirements upon which any amount or any report is outstanding at any time during the taxable year. *However, with respect to any grant made for endowment or other capital purposes, the grantor must provide the required information only for any taxable year for which the grantor must require a report from the grantee under paragraph (c)(2) of this section.* The requirements of this subparagraph

with respect to any grant may be satisfied by submission with the foundation's information return of a report received from the grantee, if the information required by subparagraph (2) of this paragraph is contained in such report.

Hence, in cases of grants for capital purposes, the reporting obligations of the grantor to the IRS is contingent upon the reporting obligations of the grantee to the grantor pursuant to subparagraph (c)(2). In other words, when a grantee is not required to submit a report to a grantor because of the applicability of subparagraph (c)(2), a grantor need not submit a report to the IRS. So construed, the Regulation contemplates a certain symmetry between the reporting obligations of the grantee to grantor and the reporting obligations of the grantor to the IRS.

Both parties agree that the INDC is not a private foundation. Thus, although the grant made to INDC was for capital purposes, subparagraph (c)(2) does not appear to apply so as to limit plaintiff's reporting requirements to the IRS.

Notwithstanding the plain language of subparagraph (c)(2) and the reporting symmetry established by the Regulation, plaintiff argues that subparagraph (c)(2) applies to limit its reporting obligations to the IRS to the initial year of the grant and the succeeding two years. According to plaintiff, the term "any grant" in subparagraph (d) applies to all grants made to any entity, private or otherwise. As such, the qualifying language of subparagraph (c)(2) is inapplicable, and the grantor need only look to subparagraph (c)(2) in order to determine the length of the reporting period.

The government agrees that subparagraph (d) makes plaintiff's reporting requirements contingent upon the application of subparagraph (c)(2), but contends that subparagraph (c)(2) cannot be parsed in the manner proposed by plaintiff and must be applied in its entirety. Accordingly, subparagraph (c)(2) makes clear that the limited reporting period is available only for certain grants made between two private foundations. The reporting symmetry established by the Regulation further val-

idates this interpretation. Otherwise, the grantee would be required to make annual reports to the grantor for the life of the PRI, but the grantor would only be required to submit reports to the IRS for the year in which the grant was made and the two succeeding years.

We find the government's position more persuasive and hold that the language and structure of the Regulation make sufficiently clear that subparagraph (d) must be read in conjunction with subparagraph (c)(2) in its entirety. Plaintiff's argument is therefore without merit.

### B.

■ Relying on *Commissioner v. Acker,* 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959), plaintiff next argues that it should not be liable for payment of the excise tax. In *Acker,* the Supreme Court stated:

We are here concerned with a taxing Act which imposes a penalty. The law is settled that "penal statutes are to be construed strictly," and that one "is not to be subjected to a penalty unless the words of the statute plainly impose it[.]"

*Id.* at 91, 80 S.Ct. at 147 (citation and footnote omitted) (quoting *Keppel v. Tiffin Savs. Bank,* 197 U.S. 356, 362, 25 S.Ct. 443, 445, 49 L.Ed. 790 (1905)).

Plaintiff submits that the words of the Regulation do not "plainly impose" the penalty sought by the government in the form of the excise tax.

*Acker,* however, does not admit of the broad proposition suggested by plaintiff. The issue in *Acker* was whether the regulation imposed a penalty not provided for by the statutory language. The Supreme Court stated:

If the [statutory] section had in any appropriate words conveyed the thought expressed by the regulation it would thereby have clearly authorized the Commissioner to [enforce the disputed regulation]. . . .

*Id.* at 92, 80 S.Ct. at 147.

Finding no statutory authority to support the regulation, the Supreme Court concluded that "[t]he questioned regulation must therefore be regarded 'as no more than an attempted addition to the statute of something which is not there.'" *Id.* at 93–94, 80 S.Ct. at 148 (quoting *United States v. Calamaro,* 354 U.S. 351, 359, 77 S.Ct. 1138, 1143, 1 L.Ed.2d 1394 (1957)).

The instant issue is distinguishable from the issue in *Acker.* Neither party disputes that the statute clearly authorizes the IRS to impose an excise tax on taxable expenditures made by a private foundation unless certain requirements are met. Hence, no question exists as to the power of the IRS to impose this excise tax. As such, *Acker* fails to further plaintiff's argument.

Plaintiff rightly points out that other courts have interpreted *Acker* more broadly. *American Nat'l Bank & Trust Co. v. United States,* 594 F.2d 1141 (7th Cir.1979). In interpreting *Acker,* the *American National* court emphasized the principle of statutory construction requiring stricter interpretations of penalty tax provisions. But this principle is unavailing to plaintiff. Even with a stricter reading, the relevant statute and regulation are not so murky that we find it necessary to absolve plaintiff of its fiscal obligation based on this principle of statutory construction.

### III.

For the foregoing reasons, the decision of the District Court is hereby AFFIRMED.